IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

WALLACE EDWARD GWIN, )
)
        Plaintiff, )
)
vs. ) Case No. 16-CV-3245-ODS
)
NANCY A. BERRYHILL,[1] )
Acting Commissioner of Social Security, )
)
        Defendant. )

<u>ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS</u>

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his Title II application for a period of disability and disability insurance benefits. For the following reasons, the Commissioner's decision is affirmed.

**I. STANDARD OF REVIEW**

The Court's review of the Commissioner's decision is limited to a determination whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but…enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn A. Colvin as the defendant in this suit.

relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff was born in 1964, and is a high school graduate. R. at 25, 58, 114, 117, 403. He previously worked as a fence erector, truck foreman, and electrical technician. R. at 24, 62-67, 117, 119. In 2010, Plaintiff applied for disability and disability insurance benefits, alleging an onset date of November 17, 2009. R. at 403-04. His onset date was later amended to May 28, 2010. R. at 13, 112-14. Plaintiff's application and requests for reconsideration were denied, and he requested a hearing before an administrative law judge ("ALJ"). R. at 188-99. A hearing was held in January 2013. R. at 107-52. In March 2013, ALJ Cynthia Hale issued her decision, finding Plaintiff was not disabled. R. at 166-77.

Plaintiff appealed the ALJ's decision to the Appeals Council. The Appeals Council remanded the matter because the jobs identified by the ALJ were not compatible with Plaintiff's residual functional capacity ("RFC"). R. at 185. The ALJ was also directed to obtain supplemental evidence from a vocational expert ("VE") to "clarify the effect of the assessed limitations on the claimant's occupational base." R. at 186. The Appeals Council directed the ALJ to "resolve any conflict between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles." *Id.*

Upon remand, ALJ Mark Clayton held a hearing in July 2015. R. at 45-106. On November 11, 2015, he issued his decision, finding Plaintiff was not disabled. R. at 13-26. The ALJ found Plaintiff had the severe impairments of degenerative disc disease in the cervical spine and lumbar spine, right median nerve neuropathy, and depression. R. at 16. The ALJ determined Plaintiff had the following RFC:

> [P]erform light work as defined in 20 CFR 404.1567(b) except that he was unable to climb ladders, ropes, or scaffolds. He could occasionally climb ramps and stairs. He could occasionally balance, stoop, kneel, crouch, and crawl. He could frequently reach overhead bilaterally. He could frequently handle and finger with the right, upper extremity. He would need to avoid concentrated exposure to hazards such as working around

2

> unprotected heights and dangerous, moving machinery. He is limited to
> performing simple, routine, no more than SVP 2-type tasks.

R. at 19. Based upon the RFC and the VE's testimony, the ALJ concluded Plaintiff could work as a copy machine operator and bakery line worker. R. at 25-26. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied his appeal. R. at 1-4. Plaintiff now appeals to this Court.

### III. DISCUSSION

Plaintiff argues the ALJ's decision must be reversed because (1) the ALJ failed to properly weigh the medical opinion evidence, (2) the ALJ failed to properly evaluate his credibility, and (3) the ALJ relied on flawed testimony from the VE.

### A. Medical Opinion Evidence

Plaintiff claims the ALJ erred in affording "little weight" to the opinion of his treating physician, James Hardigan, D.O. Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). A treating physician's opinion may be disregarded if it is unsupported by clinical or other data, or is contrary to the weight of the remaining evidence in the record. *See Anderson*, 696 F.3d at 793-94; *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996). The ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2); *Anderson*, 696 F.3d at 793.

In May 2011, Dr. Hardigan opined Plaintiff could sit for eight hours in an eight-hour workday but would need to get up and move four times during the workday, and he could stand/walk four hours in an eight-hour workday. R. at 965-66. He also concluded Plaintiff could frequently lift and carry up to ten pounds but occasionally lift and carry between ten and twenty pounds. R. at 966. Dr. Hardigan indicated Plaintiff had no significant limitations with regard to repetitive reaching, handling, fingering, or lifting, and had minimal limitations using his upper extremities. *Id.* He stated Plaintiff would have to miss work one day per month. R. at 969. But, seven months later, December 2011, Dr. Hardigan stated Plaintiff was "totally disabled." R. at 924.

Then, in March 2012, Dr. Hardigan determined Plaintiff could sit for four hours in an eight-hour workday but would need to get up and move around every hour. R. at 928. Plaintiff, in Dr. Hardigan's opinion, would be unable to stand or walk for more than one hour in an eight-hour workday. *Id.* He explained Plaintiff could occasionally lift and carry up to five pounds, and could lift (but never carry) up to ten pounds. R. at 928-29. Plaintiff would be absent for work more than three times per month. R. at 930. Several months later, in a December 2012 letter, Dr. Hardigan stated his treatment of Plaintiff has been conservative, he "has had no improvement in the past year," and his prognosis is "poor." R. at 956.

The ALJ considered the opinions proffered by Dr. Hardigan, and afforded "little weight" to his opinions for several reasons. R. at 21-22. First, the ALJ noted Dr. Hardigan is not a specialist in orthopedics or neurology. *Id.* Second, the ALJ determined Dr. Hardigan's finding that Plaintiff's impairments were disabling or worsening is not supported by the clinical and diagnostic findings, which only suggest mild impairment. R. at 22; *see also* R. at 637, 645, 651-52, 726, 921-22. Third, Dr. Hardigan's opinion is inconsistent with his admission he conservatively treated Plaintiff over the years. *Id.* Fourth, Dr. Hardigan's view of Plaintiff's limitations "appears to rely heavily on the claimant's subjective complaints, rather than the objective evidence." *Id.* Finally, Dr. Hardigan's opinion did not suggest Plaintiff had significant limitations with his right hand, which is contrary to Plaintiff's testimony at the hearing. R. at 22, 69-71, 124-26.

The Court reviewed the record and finds substantial evidence supports the ALJ's decision to discount Dr. Hardigan's opinion. The Court also finds the ALJ provided good reasons explaining the weight he afforded Dr. Hardigan's opinion, and the ALJ properly afforded Dr. Hardigan's opinion little weight. The Court affirms the ALJ's decision in this respect.

## B. Plaintiff's Credibility

Plaintiff also maintains the ALJ erred in evaluating his credibility. The familiar standard for analyzing a claimant's subjective complaints is set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984):

4

> While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced. The adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them.
>
> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. The claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Id.* at 1322. The ALJ "need not explicitly discuss each *Polaski* factor...[t]he ALJ need only acknowledge and consider those factors before discounting a claimant's subjective complaints." *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004) (citations omitted); *see also Samons v. Apfel*, 497 F.3d 813, 820 (8th Cir. 2007).

The ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely credible…." R. at 20. The ALJ articulated several reasons for this finding. First, the ALJ noted Plaintiff's daily activities do not support the degree of limitation alleged by Plaintiff. Plaintiff is capable of living alone, and he is self-sufficient. He performs all of his household chores, and is capable of driving himself to places three or four times per week. The ALJ also considered Plaintiff's ability to regularly socialize at a tavern and consume up to ten beers per day. Because upon the claimant's testimony, the ALJ found Plaintiff's physical and mental impairments were only partially limiting. R. at 20, 60-62, 75-81, 463-70.

5

Second, the ALJ considered the objective medical evidence when evaluating Plaintiff's credibility. He found the medical evidence did not support the limitations alleged by Plaintiff. The ALJ noted Plaintiff had a good work history until 2009 when he lost his job due to the economic downturn, which reflected well on his credibility. But Plaintiff's allegations of limiting pain and limited use of his right hand were not supported by objective clinical and diagnostic findings, which suggested only mild impairment. Further, objective testing of Plaintiff's spine indicated only mild impairments. And physical examinations of Plaintiff reflected only "mild" impairments. R. at 20-21, 425-31, 605, 636-37, 723-24, 726, 763, 773-77, 950-54, 958-61.

Third, the ALJ considered Plaintiff's physicians' recommended conservative treatments for back and neck pain. These recommendations included stretching exercises, a transcutaneous electrical nerve stimulation ("TENS") unit, and nerve blocks. R. at 21, 869-71. Upon review of Plaintiff's objective diagnostic and clinical findings as well as the conservative treatment history, the ALJ found Plaintiff was not as limited as he alleged. R. at 21.

The ALJ acknowledged and considered the *Polaski* factors. R. at 21-27. The ALJ is not required to discuss each factor in turn, but must merely consider the *Polaski* factors. *See Eichelberger*, 390 F.3d at 590. To the extent Plaintiff argues the medical evidence could support a decision contrary to the ALJ's, the Court will not substitute its judgment for that of the ALJ. *See Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003) (stating "[t]he credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts."). The Court finds the ALJ did not err in analyzing Plaintiff's credibility.

### C. Limitations in Concentration, Persistence, or Pace

Plaintiff contends the ALJ's hypothetical posed to the VE did not accurately describe Plaintiff's limitations regarding concentration, persistence, or pace. During the 2015 hearing, the ALJ asked the VE if a person who, among other things, was limited to "doing only simple, routine, no more than SVP 2-type tasks" would be able to work. R. at 94. The VE answered affirmatively, identifying two positions. R. at 94-95. Plaintiff argues the ALJ should have included greater limitations in concentration, persistence, or pace in the hypothetical question posed to the VE.

In his decision, the ALJ generally noted Plaintiff had moderate difficulties with regard to concentration, persistence, or pace. R. at 18. The ALJ further concluded Plaintiff had only mild difficulties in concentration because he is capable of driving several times per week, and driving requires a reasonable degree of concentration. R. at 18. The hypothetical question posed by the ALJ to the VE incorporated the limitation that the hypothetical person could only perform simple, routine, no more than specific vocational preparation ("SVP") 2-type tasks. R. at 19.[2] An SVP level of two refers to unskilled work, which "needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 416.968(a).

Based on the record, the hypothetical question limiting a person to simple, routine tasks requiring little to no judgment appropriately captures Plaintiff's mild to moderate difficulties in maintaining concentration, persistence, or pace. *See Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) (finding "simple, repetitive, routine tasks" captures difficulties in concentration, persistence, or pace). Accordingly, the Court finds the hypothetical question posed to the VE is supported by the record.

## IV. CONCLUSION

The Court concludes there is substantial evidence in the record as a whole to support the ALJ's decision. The Commissioner's decision denying benefits is affirmed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: August 9, 2017　　　　　　　　UNITED STATES DISTRICT COURT

---

[2] These limitations are also included in the ALJ's RFC determination (R. at 19), to which Plaintiff lodges no objection on appeal.